IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Rembrandt Patent Innovations, LLC and Rembrandt Secure Computing, LP,<br><br>              Plaintiffs,<br><br>     v.<br><br>Apple Inc.,<br><br>              Defendant. | CIVIL ACTION NO. 2:14-cv-867<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs Rembrandt Patent Innovations, LLC and Rembrandt Secure Computing, LP (collectively, "Rembrandt" or "Plaintiffs"), through their undersigned counsel, bring this action against Defendant Apple, Inc. ("Apple"). In support of the Complaint, Plaintiffs allege as follows:

## THE PARTIES

1. Plaintiff Rembrandt Patent Innovations, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Virginia and maintains its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania 19004.

2. Plaintiff Rembrandt Secure Computing, LP is a limited partnership organized and existing under the laws of the Commonwealth of Virginia and maintains its principal place of business at 401 City Avenue, Suite 900, Bala Cynwyd, Pennsylvania 19004.

3. On information and belief, Defendant Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Apple. Apple has conducted and does conduct business within the State of Texas. Apple, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products and/or services in the United States, the State of Texas, and the Eastern District of Texas. Apple, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas. Apple has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

7. There is one patent at issue in this action: United States Patent No. 6,185,678 ("the '678 Patent").

8. The '678 patent is entitled "Secure and Reliable Boot Strap Architecture," and was duly and legally issued by the United States Patent and Trademark Office on February 6, 2001. A true and correct copy of the '678 Patent is attached as Exhibit A.

9. Rembrandt Patent Innovations, LLC owns by assignment the entire right, title, and interest in and to the '678 Patent.

10. Rembrandt Secure Computing, LP is an exclusive licensee of the '678 Patent and possesses the right to sue and to recover for infringement of the '678 Patent.

11. On January 10, 2014, Plaintiffs filed a Complaint in the Eastern District of Texas alleging that Apple infringes U.S. Patent No. 6,185,678.

12. In August 2014, Plaintiffs obtained the right to sue and recover for past infringement of the '678 Patent occurring before October 2010.

## NATURE OF ACTION

13. Plaintiffs allege that Apple has infringed and continues to infringe one or more claims of the '678 Patent by engaging in acts that constitute infringement under 35 U.S.C. § 271 et seq., including but not limited to importing, making, using, offering for sale, and/or selling within the United States certain products, services, and devices which embody, or in combination embody, one or more claims of the '678 Patent. On information and belief, these products, services, and devices include, for example and without limitation, Apple's servers and other Apple electronic devices that support iTunes functionality, and any Apple electronic devices configured or adapted to operate with Apple's iPhone OS or iOS, including but not limited to the Apple iPhone, iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4S, iPhone 5, iPhone 5S, iPhone 5C, iPod Touch 1st Generation, iPod Touch 2nd Generation, iPod Touch 3rd Generation, iPod Touch 4th Generation, iPod Touch 5th Generation, iPad, iPad 2, iPad 3rd Generation, iPad 4th Generation, the Apple iPad mini, and all reasonably similar products (the "Accused Products").

14. In general, the technology at issue in the Accused Products relates to systems and methods for secure booting and recovery in an electronic device.

## **COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 6,185,678**

15. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

16. The Accused Products, when configured or operating as specified by Apple, infringe at least system claims 1 and 3 of the '678 patent.  Apple makes, uses, imports, sells, and/or offers for sale these systems and thus directly infringes at least claims 1 and 3 of the '678 patent.

17. The use of the Accused Products, when configured and operating as specified by Apple, infringe at least method claims 4 and 7 of the '678 patent.  Apple uses these systems within the United States and thus directly infringes at least claims 4 and 7 of the '678 patent.

18. In addition, Apple provided or currently provides at least the Accused Products to customers, such as resellers and end-user customers, in the United States who, in turn, use the Accused Products and infringe at least claims 1, 3, 4 and 7.

19. Apple induces infringement by others, such as resellers and end-user customers, in violation of 35 U.S.C. § 271(b).  On information and belief, Apple has possessed and continues to possess the specific intent to induce infringement of one or more claims of the '678 Patent by specifically designing the accused infringing functionalities of the Accused Products so that these functionalities are enabled by default and cannot be disabled by Apple's resellers or end-user customers.  On information and belief, Apple provides instructions to encourage resellers and end-user customers to operate such systems and devices in an infringing manner.  Apple's resellers and end-user customers who purchase the Accused Products and operate such systems and components thereof within the United States directly infringe one or more claims of the '678 Patent, in violation of 35 U.S.C. § 271(a).

20. Apple contributes to the infringement by others, such as resellers and end-user customers, in violation of 35 U.S.C. § 271(c). Apple imports, sells, and offers for sale within the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '678 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Apple's resellers and end-user customers who purchase the Accused Products and operate such systems and components thereof within the United States directly infringe one or more claims of the '678 Patent, in violation of 35 U.S.C. § 271(a). On information and belief, the accused infringing functionalities of the Accused Products were specifically designed by Apple so that these functionalities are enabled by default and cannot be disabled by Apple's resellers or end-user customers and, therefore, the Accused Products are not suitable for substantial noninfringing use. On information and belief, in some circumstances, the Accused Products are rendered inoperable unless Apple's resellers or end-user customers follow instructions provided by Apple to directly infringe one or more claims of the '678 Patent, in violation of 35 U.S.C. § 271(a).

21. Apple is infringing the '678 Patent with knowledge of the '678 Patent and without a reasonable basis for believing its conduct is lawful. On information and belief, Apple knew of the '678 Patent at least as early as 2008. The '678 Patent was cited by the European Patent Office, the United States Patent and Trademark Office, and Apple during the prosecution of Apple's own patents and patent applications, including U.S. Patent No. 8,239,688; U.S. Patent No. 8,254,568; U.S. Patent No. 8,291,480; U.S. Patent Application No. 13/558,249; U.S. Patent Application No. 13/566,969; PCT/US2007/026277; PCT/US2007/026279; and related patent

applications. During the prosecution of Apple's own patents and patent applications, Apple has responded to Office Actions rejecting Apple's then-pending claims in view of the '678 Patent. On information and belief, during the prosecution of Apple's own patents and patent applications, members of Apple's in-house legal team have met (both telephonically and in-person) with staff from the United States Patent and Trademark Office for the expressly stated purpose of discussing the '678 Patent and responding to rejections based upon the '678 Patent.

22. Apple infringes the '678 Patent in violation of 35 U.S.C. § 271(f). Apple supplies or causes to be supplied from the United States all or a substantial portion of the components of the patented invention for combination outside the United States in a manner that would infringe the patent if such combination occurred within the United States. Apple actively induces the combination of such components outside of the United States. On information and belief, Apple supplies or causes to be supplied from the United States such components knowing that such components are so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States. On information and belief, at least the application processor, boot components, and iTunes server in the Accused Products have been and continue to be supplied from the United States, are especially made or especially adapted for use in the invention, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

23. On information and belief, as explained above, Apple knew of the '678 Patent at least as early as 2008.

24. Apple has willfully infringed and/or does willfully infringe the '678 Patent.

25. As a result of Apple's past and on-going infringement of the '678 Patent, Plaintiffs have suffered, and continue to suffer, monetary damages.

26. Apple's infringement of the '678 Patent, together with other conduct, renders this case exceptional and, under 35 U.S.C. § 285, entitles Plaintiffs to its reasonable attorney fees and costs incurred in prosecuting this action.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

(a) A judgment that Apple is liable for directly infringing the '678 Patent, contributorily infringing the '678 Patent, and/or inducing infringement of the '678 Patent;

(b) A judgment that Apple's infringement of the '678 Patent has been willful;

(c) A judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff reasonable attorneys' fees, costs, and expenses;

(d) An award of all damages sufficient to fully compensate Plaintiffs for past infringement, up until entry of the final judgment, by Apple under 35 U.S.C. § 284, and treble damages for willful infringement as provided by 35 U.S.C. § 284; and

(e) A judgment requiring Apple to pay Plaintiffs pre-judgment interest on the damages awarded.

DATED:   August 25, 2014                Respectfully submitted,

               */s/ Trey Yarbrough*
               Trey Yarbrough
               Bar No.  22133500
               YARBROUGH WILCOX, PLLC
               100 E. Ferguson St., Ste. 1015
               Tyler, TX 75702
               (903) 595-3111
               Fax: (903) 595-0191
               trey@yw-lawfirm.com

               Gerald F. Ivey
               E. Robert Yoches
               Richard B. Racine
               Christopher T. Blackford
               FINNEGAN, HENDERSON, FARABOW
                GARRETT & DUNNER, LLP
               901 New York Avenue, N.W.
               Washington, D.C. 20001
               (202) 408-4000

               Stephen E. Kabakoff
               Anita Bhushan
               Ben R. Schlesinger
               FINNEGAN, HENDERSON, FARABOW
                GARRETT & DUNNER, LLP
               3500 SunTrust Plaza
               303 Peachtree Street, N.E.
               Atlanta, GA 30308-3263
                (404)-653-6400

               Jacob A. Schroeder
               FINNEGAN, HENDERSON, FARABOW
                GARRETT & DUNNER, LLP
               3300 Hillview Avenue
               Palo Alto, CA  94304
               (650) 849-6600

               *Attorneys for Plaintiffs*
               *Rembrandt Secure Computing, LP and*
               *Rembrandt Patent Innovations, LLC*